IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOOD & WATER WATCH,<br>1616 P Street NW, Suite 300<br>Washington, DC 20036<br><br>    *Plaintiff*,<br><br>  v.<br><br>OFFICE OF MANAGEMENT AND<br>BUDGET,<br>725 17th Street NW<br>Washington, DC 20503<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

  1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Office of Management and Budget ("OMB") to release non-exempt information concerning: (1) Executive Order 14210,[1] relating to the "Department of Government Efficiency" and the potential for extensive reorganization across federal administrative agencies; (2) Executive Order 14154,[2] which could have profound impact on the ability of the Environmental Protection Agency ("EPA") to regulate greenhouse gases under the Clean Air Act ("CAA"); and (3) Executive Order 14219,[3] which calls for far-reaching changes to rules and regulations across federal agencies in pursuit of the administration's "Department of Government Efficiency"

---

[1] Exec. Order No. 14210, Implementing the President's "Department of Government Efficiency" Workforce Optimization Initiative, 90 Fed. Reg. 9669, 9670 (Feb. 11, 2025).
[2] Exec. Order No. 14154, Unleashing American Energy, 90 Fed. Reg. 8353, 8357 (Jan. 20, 2025).
[3] Exec. Order No. 14219, Ensuring Lawful Governance and Implementing the President's "Department of Government Efficiency" Deregulatory Initiative, 90 Fed. Reg. 10583, 10583 (Feb. 19, 2025).

1

deregulatory initiative. Together these records are essential to Plaintiff Food & Water Watch's ("FWW") efforts to monitor, analyze, and disseminate information to the public about how these federal agencies operate and how to hold them accountable on matters of public interest. Despite FWW properly submitting three separate FOIA requests for information on March 24, 2025; April 8, 2025; and May 2, 2025, respectively, OMB has not yet made a final determination on the requests, nor released any responsive information. As such, FWW has been forced to seek judicial intervention to obtain OMB's compliance with federal law.

## JURISDICTION

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.     Plaintiff FWW is a national nonprofit headquartered in Washington, DC. For twenty years, it has mobilized people to build political power and championed bold and uncompromised solutions to the most pressing food, water, and climate problems of our time. FWW uses grassroots organizing, media outreach, public education, research, policy analysis, and litigation to protect people's health, communities, and democracy from the growing destructive power of the most influential economic interests. FWW is the requester of the information at issue and entitled to a waiver of fees, as set forth in the respective FOIA requests.

4.     FWW utilizes various means of communication to update its members and activists, as well as the media and general public, on government activities that may impact human health and the environment. These methods include, but certainly are not limited to, providing essential information in easy-to-read reports, a quarterly news digest, fact sheets, press statements, membership meetings, webinars, and other events, phone calls and text messages,

letters to the editor, email alerts, and website content. Relevant here, FWW has been at the forefront of monitoring the second Trump Administration's attacks on science-based regulations, a clean environment, a livable climate, and federal agencies themselves. It has risen to this task by developing expert analysis designed to inform its members and supporters, members of the media, Congress, and the general public. FWW is a widely recognized leading voice and source of expert information and analysis for the public regarding the debate over the government's role in curbing climate-warming greenhouse gas emissions. As such, FWW tracks and disseminates information related to the use of government influence, programs, and funds to directly and indirectly facilitate the continued development of the fossil fuel industry, despite the looming dangers of climate change. Indeed, reports on the climate crisis and other environmental issues impacting public health authored by FWW staff have been cited by major national and international news media sources.

5. Defendant OMB, a federal agency within the Executive Office of the President, administers the federal budget and oversees the performance and budget of other federal agencies and is in possession of the records at issue in this suit.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### A. Executive Orders 14210, 14219, and 14154

6. Shortly after taking office earlier this year, President Trump issued Executive Order 14210, "Implementing the President's 'Department of Government Efficiency' Workforce Optimization Initiative, which purported to "commence[] a critical transformation of the Federal bureaucracy" and empower American families "[b]y eliminating waste, bloat, and insularity" in federal agencies. 90 Fed. Reg. 9669. The Order directed federal agencies to, within 30 days,

3

submit "Agency Reorganization Plans" for how they propose to drastically reduce their staffing to OMB.

7.     President Trump followed this with Executive Order 14219, "Ensuring Lawful Governance and Implementing the President's 'Department of Governmental Efficiency' Deregulatory Initiative," ostensibly designed to end "federal overreach" and "commence the deconstruction of the overbearing and burdensome administrative state." 90 Fed. Reg. 10583. The Order directed federal agencies to, within 60 days, identify regulations for potential rescission and submit a list of those regulations to OMB.

8.     In addition, to these far-reaching orders intended to essentially remake American government, President Trump also issued Executive Order 14154, impacting almost every aspect of energy development, exploration, and production in America. This Order purports to "unleash America's affordable and reliable energy and natural resources" by removing allegedly "burdensome and ideologically motivated regulations [that] have impeded the development of these resources." 90 Fed. Reg. 8353.

9.     Among the many devastating impacts of Executive Order 14154, the order directed the EPA to, within 30 days, submit recommendations to OMB regarding the 2009 greenhouse gas "endangerment finding" under the CAA ("2009 Endangerment Finding"), which has huge implications for the government's ability to regulate greenhouse gas emissions under the statute. *See* Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act, 74 Fed. Reg. 66,496 (Dec. 15, 2009). With the 2009 Endangerment Finding, the EPA determined that greenhouse gases are "reasonably [] anticipated both to endanger public health and to endanger public welfare." *Id.* at 66,497. The 2009 Endangerment Finding thus serves as the legal foundation for EPA's authority to regulate

greenhouse gases under the CAA and underlies the EPA's most important commonsense regulations addressing climate pollution, including those that limit emissions from cars and power plants. Consequently, a revision or repeal of this rule would have profound impacts on the health and welfare of the American public, and indeed, the entire world. Yet, that is precisely what the Trump Administration seeks with its order directing EPA to formally reconsider the "legality and continuing applicability" of the 2009 Endangerment Finding. 90 Fed. Reg. 8357.

10. Together, Executive Orders 14210, 14219, and 14154 work in concert to undermine the legal foundation of the United States's most important efforts to address climate change and other environmental harms, while crippling the agencies responsible for those efforts. Accordingly, information concerning OMB and other federal agencies' implementation of the orders is critical to FWW's ability to analyze and disseminate information to the public about the federal government's future capacity, operations, and likely actions to address (or exacerbate) increasingly imminent threats to our food, water, and climate—matters of significant public interest.

**B.      The Freedom of Information Act**

11. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted). FOIA was enacted to "permit access to official information long shielded unnecessarily from public view" by creating a "right to secure such information from possibly unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted).

12. Once an agency receives a request for records under FOIA, the agency must "determine within 20 [working] days . . . whether to comply with such request" and must "immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). When an agency makes a determination to comply with a FOIA request, the agency must make the records "promptly available," 5 U.S.C. § 552(a)(3)(A), (6)(C)(i), "which . . . typically . . . mean[s] within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013); *see also Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (holding that an agency's unreasonable delay in disclosing nonexempt records violated FOIA, and "courts have a duty to prevent these abuses"). FOIA requires agencies of the federal government to conduct a reasonable search for requested records and to release them to a requester, unless one of nine specific statutory exemptions applies to the requested information. 5 U.S.C. § 552(a)(3), (b).

13. FOIA also requires agencies to provide requesters "information about the status of [a request]," including "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

14. FOIA requires federal agencies to release all non-exempt segregable information that is requested. *Id.* § 552(b).

15. FOIA requires that an agency make a "determination" regarding a request within the statutory time period. 5 U.S.C. § 552(a)(6)(A). To constitute a determination, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any

6

documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188. Where the agency issues a determination that is adverse to the requester, the requester may appeal the adverse determination to the agency within ninety days. 5 U.S.C. § 552(a)(6)(A).

16. FOIA generally requires the exhaustion of administrative remedies prior to filing suit in federal court. 5 U.S.C. § 552(a)(6). However, a requester is deemed to have exhausted administrative remedies "if the agency fails to comply" with the statutory response periods for a FOIA request or an administrative appeal. 5 U.S.C. § 552(a)(6)(C). In such a case, the requester may immediately seek judicial review in federal district court. *See, e.g.*, *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days."); *Agolli v. Off. of Inspector Gen., U.S. Dep't of Justice*, 125 F. Supp. 3d 274, 281 (D.D.C. 2015) ("Plaintiffs are considered to have constructively exhausted their remedies if the agency does not respond to a request within 20 business days (or 30 working days in unusual circumstances), or if the agency does not respond to an administrative appeal within 20 business days.") (citing *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 184; *Aftergood v. CIA*, 225 F. Supp. 2d 27, 29–30 (D.D.C. 2002); 5 U.S.C. § 552(a)(6)(A)(ii)).

17. Federal courts are authorized under FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

18. OMB is a federal "agency" within the meaning of and subject to FOIA. *Id.* § 552(f)(1); *see also Meyer v. Bush*, 981 F.2d 1288, 1294 (D.C. Cir. 1993) ("Despite OMB's

7

closeness to the President, it is a permanent agency with a significant staff and broadly delegated powers, and so it unquestionably falls under FOIA.").

    **C.**    **Food and Water Watch's FOIA Requests to OMB**

19. Due to its concerns over the dramatic impacts to the organization and operation of the federal agencies impacted by the three executive orders, Plaintiff FWW submitted three separate FOIA requests to OMB on March 24, 2025; April 8, 2025; and May 2, 2025, respectively.[4]

*FWW's March 24, 2025, Request*

20. FWW's March 24, 2025, request sought copies of Final "Agency Reorganization Plans" submitted to OMB pursuant to Executive Order 14210, 90 Fed. Reg. 9,670, between February 11, 2024, through the date of the request, including:

- Environmental Protection Agency ("EPA"), including but not limited to the Office of Air and Radiation, Office of Chemical Safety and Pollution Prevention, Office of Enforcement and Compliance Assurance, Office of Environmental Justice and External Civil Rights, Office of General Counsel, Office of Inspector General, Office of International and Tribal Affairs, Office of Research and Development, Office of Mission Support, and Office of Water;

- Department of Agriculture ("USDA"), including but not limited to the Agricultural Research Service, Animal & Plant Health Inspection Service, Economic Research Service, Farm Service Agency, Food and Nutrition Service, Food Safety and Inspection Service, Forest Service, National Agricultural Statistics Service, Natural Resources Conservation Service, Risk Management Service, Rural Development, Rural Housing Service, and Rural Utilities Service;

- Council of Environmental Quality ("CEQ");

- Federal Trade Commission ("FTC"), including but not limited to the Bureau of Competition, Bureau of Consumer Protection, and Bureau of Economics;

---

[4] For the Court's convenience, copies of these three requests are attached as Exhibit 1 (March 24, 2025, request), Exhibit 2 (April 8, 2025, request), and Exhibit 3 (May 2, 2025, request).

- Department of the Interior ("DOI"), including but not limited to the Bureau of Indian Affairs, Bureau of Land Management, Bureau of Safety and Environmental Enforcement, National Park Service, Office of Surface Mining Reclamation and Enforcement, and Fish and Wildlife Service; and

- Health and Human Services ("HHS"), including but not limited to the Center for Disease Control and Prevention, Food and Drug Administration, Health Resources and Services Administration, Indian Health Service, National Institutes of Health, Office for Civil Rights, and Office of Inspector General."

21. On March 24, 2025, FWW received an email confirming receipt of its March 24, 2025, FOIA request, which was issued OMB FOIA number 2025-1126. No further response was received.

22. On two separate occasions, May 14, 2025, and July 11, 2025, FWW replied to the confirmation email for its March 24, 2025, FOIA request, noting the lack of response and OMB's failure to comply with the mandatory 20-day determination deadline, and seeking an updated status on the request. *See* Exhibit 4 (Email correspondence related to March 24, 2025, request).

23. On May 14, 2025, FWW received an auto-generated response again only confirming that the FOIA request had been received and stating that "[w]e will provide further information where appropriate." *See* Exhibit 5 (Additional correspondence related to March 24, 2025, request). OMB provided no other response to FWW's March 24, 2025, request.

24. As of the filing of this Complaint, FWW has not received any response to either its March 24, 2025, FOIA request, or its follow-up emails requesting a status update regarding the request.

25. As of the filing of this Complaint, OMB has not issued a final determination as to FWW's March 24, 2025, request. OMB has not provided FWW with any information regarding the full scope of documents the agency plans to produce in response to the request, nor has OMB

provided any information regarding the full scope of documents that the agency plans to withhold under any FOIA exemptions.

26. As of the filing of this Complaint, OMB has failed to provide an estimated date of completion for FWW's March 24, 2025, request. More than twenty working days have elapsed since OMB received FWW's request.

27. As of the filing of this Complaint, OMB has not offered any explanation as to why it is unable to comply with FOIA's statutory deadlines.

### *FWW's April 8, 2025, Request*

28. FWW's April 8, 2025, request sought copies of certain records generated or received by OMB between January 20, 2025, and the date of the request, including:

- The EPA Administrator's "joint recommendations" to the Director of OMB on the legality and continuing applicability of the Administrator's findings, "Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act," (Endangerment Finding) as referenced in Executive Order No. 14154 section 6(f), 90 Fed. Reg. 8,353, 8,357 (Jan. 20, 2025); and

- All external communication sent or received by OMB regarding Executive Order 14154's directive that EPA submit "joint recommendations" to OMB as described in Item #1 above. This includes communication between OMB and other federal agencies and/or agents as well as OMB and private parties."

29. On April 9, 2025, FWW received an email confirming receipt of its April 8, 2025, FOIA request, which was issued OMB FOIA number 2025-1209. FWW received no further response.

30. On July 3, 2025, and again, on July 9, 2025, Plaintiff replied to the confirmation email for its April 8, 2025, request noting the lack of response and OMB's failure to comply the mandatory 20-day response deadline and seeking an updated status. *See* Exhibit 6 (Email correspondence related to April 8, 2025, request).

10

31. As of the filing of this Complaint, FWW has not received any response to either its April 8, 2025, FOIA request, or its follow-up emails requesting a status update regarding the request.

32. As of the filing of this Complaint, OMB has not issued a final determination as to FWW's April 8, 2025, request. OMB has not provided FWW with any information regarding the full scope of documents the agency plans to produce in response to the request, nor has OMB provided any information regarding the full scope of documents that the agency plans to withhold under any FOIA exemptions.

33. As of the filing of this Complaint, OMB has failed to provide an estimated date of completion for FWW's April 8, 2025, request. More than twenty working days have elapsed since OMB received FWW's request.

34. As of the filing of this Complaint, OMB has not offered any explanation as to why it is unable to comply with FOIA's statutory deadlines.

### *FWW's May 2, 2025, Request*

35. FWW's May 2, 2025, request sought copies of the "[f]inal lists of regulations identified and submitted pursuant to Section 2" of Executive Order 14219, 90 Fed. Reg. at 10,583, between February 19, 2025, and the date of the request, including the lists generated by or received from:

- Environmental Protection Agency ("EPA"), including but not limited to the Office of Air and Radiation, Office of Chemical Safety and Pollution Prevention, Office of Enforcement and Compliance Assurance, Office of Environmental Justice and External Civil Rights, Office of General Counsel, Office of Inspector General, Office of International and Tribal Affairs, Office of Research and Development, Office of Mission Support, and Office of Water;

- Department of Agriculture ("USDA"), including but not limited to the Agricultural Research Service, Animal & Plant Health Inspection Service, Economic Research Service, Farm Service Agency, Food and Nutrition Service, Food Safety and Inspection Service, Forest Service, National Agricultural Statistics Service, Natural Resources Conservation Service, Risk Management Service, Rural Development, Rural Housing Service, and Rural Utilities Service;

- Council of Environmental Quality ("CEQ");

- Federal Trade Commission ("FTC"), including but not limited to the Bureau of Competition, Bureau of Consumer Protection, and Bureau of Economics;

- Department of the Interior ("DOI"), including but not limited to the Bureau of Indian Affairs, Bureau of Land Management, Bureau of Safety and Environmental Enforcement, National Park Service, Office of Surface Mining Reclamation and Enforcement, and Fish and Wildlife Service; and

- Health and Human Services ("HHS"), including but not limited to the Center for Disease Control and Prevention, Food and Drug Administration, Health Resources and Services Administration, Indian Health Service, National Institutes of Health, Office for Civil Rights, and Office of Inspector General."

36. On May 2, 2025, FWW received an email confirming receipt of its May 2, 2025, FOIA request, which was issued OMB FOIA number 2025-1397. FWW received no further response.

37. On July 9, 2025, Plaintiff replied to the confirmation email, noting the lack of response and OMB's failure to comply the mandatory 20-day response deadline and seeking an updated status. *See* Exhibit 7 (Email correspondence related to May 2, 2025, request). OMB did not provide any response to FWW's request for a status update.

38. As of the filing of this Complaint, FWW has not received any response to either its May 2, 2025, FOIA request, or its follow-up email requesting a status update regarding the request.

39. As of the filing of this Complaint, OMB has not issued a final determination as to FWW's May 2, 2025, request. OMB has not provided FWW with any information regarding the

12

full scope of documents the agency plans to produce in response to the request, nor has OMB provided any information regarding the full scope of documents that the agency plans to withhold under any FOIA exemptions.

40. As of the filing of this Complaint, OMB has failed to provide an estimated date of completion for FWW's May 2, 2025, request. More than twenty working days have elapsed since OMB received FWW's request.

41. As of the filing of this Complaint, OMB has not offered any explanation as to why it is unable to comply with FOIA's statutory deadlines.

## PLAINTIFF'S CLAIMS FOR RELIEF

42. Plaintiffs incorporate all above paragraphs by reference herein.

43. By failing to issue a final determination regarding FWW's FOIA requests within the statutorily mandated timeframe, OMB is in violation of FOIA, 5 U.S.C. § 552(a)(6).

44. By failing to make reasonable efforts to search for records responsive to FWW's requests, OMB is in violation of FOIA, 5 U.S.C. § 552(a)(3).

45. By failing to disclose and produce records responsive to FWW's requests without a legal basis for withholding such records, OMB is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A), (4), (6)(A).

46. By failing to provide any justification or explanation for the agency's delay in processing, issuing a final determination on, and disclosing records responsive to FWW's FOIA requests, OMB is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(4), (6).

47. By failing to provide any explanation as to why processing FWW's FOIA requests within the statutorily mandated timeframe is impracticable, OMB is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(4), (6).

48.     By failing to provide FWW all non-exempt information that FWW has requested under FOIA, OMB is in violation of FOIA, 5 U.S.C. § 552(a)(3).

49.     Plaintiff FWW has a right to obtain the requested information, and OMB has demonstrated no lawful basis for withholding it.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1.      Declare that OMB is in violation of FOIA for multiple reasons, including but not limited to: failing to timely respond to FWW's March 24, 2025, April 8, 2025, and May 2, 2025, FOIA requests; failing to make a timely determination on those requests and promptly release responsive records; and improperly withholding responsive, nonexempt information;

2.      Enjoin OMB from withholding responsive, nonexempt information to FWW's March 24, 2025; April 8, 2025, and May 2, 2025, FOIA requests;

3.      Order OMB to immediately issue a final determination on FWW's March 24, 2025, April 8, 2025, and May 2, 2025, FOIA requests and promptly process and release all nonexempt information responsive to those requests;

4.      Award FWW its costs and attorney's fees; and

5.      Award FWW such relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Jessica F. Townsend*
Jessica F. Townsend
DC Bar No. 90014867
(202) 780-7286
jessica@eubankslegal.com

Elizabeth L. Lewis
DC Bar No. 229702
(202) 618-1007
lizzie@eubankslegal.com

William S. Eubanks II
DC Bar No. 987036
(970) 703-6060
bill@eubankslegal.com

EUBANKS & ASSOCIATES, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006


Dani Replogle
*Pro hac vice application forthcoming*
Food & Water Watch
1616 P Street NW, Suite 300
Washington, DC 20036
(202) 683-4947
dreplogle@fwwatch.org

*Counsel for Plaintiff*